*AT NISI PRIUS, AT LANCASTER,    [*390

MAY ASSIZES, 1794.

CORAM, M'KEAN, CHIEF JUSTICE, AND YEATES.

## Lessee of Philip Gallagher *against* George Rogers.

The declarations of the widow of the testator (to whom the real estate was devised for life) that the will was made by her undue influence and imposition on the testator shall not be given in evidence to operate against the remainder man.

EJECTMENT of a messuage and garden in Mannor township.

The lessor of the plaintiff claimed title under the will of his father in law, Thomas Patton, who died seized of the premises in fee. He devised "to his wife Summer Patton, the house "whereon he dwelled, and the profits of his farm during her "natural life, and after her decease all ·his land in Mannor "township to Philip Gallagher, &c." · The widow was since dead.

The defendant was also a son in law of the testator, and contended that the will was made by undue influence of the wife and imposition practised on him, and that Gallagher had joined her in this business.

To prove this, the defendant's counsel offered Peter Row as a witness, to shew that Summer Patton, after her husband's death, had made declarations of this nature to him, and cited 1 Black. Rep. 345.  S. C. 3 Burr. 1244.

*Sed per cur.*  The testimony cannot be received on this trial, though it might have been admitted against the widow. Her influence, importunity or arts of imposition on her husband may be proved as facts, but not by her confession, to operate against a third person.  The case of Clymer's lessee *v.* Littler et al. cited, was determined on its peculiar circumstances, and no general rule can be drawn from it.  The declarations of William Medlicott there, in his last illness, of the forgery committed by him of the instrument of 1745, came out on the cross examination of the counsel, who afterwards excepted to its production; and no objection was made to it at the trial.  The court declared, that the competency of evidence depended upon the circumstances under which it was given.  1 Black. Rep. 349.  3 Burr. 1255.  We think that case and the present very differently circumstanced, and therefore overrule the evidence.

*The defendant wholly failed in proving any in-  [*391 fluence or imposition.

                                    Verdict *pro quer.*

1 YEATES—24

[Gallagher's Lessee *v.* Rogers.]

Messrs. Kittera and C. Smith, *pro quer.*

Mr. Montgomery, *pro def.*

Cited in 6 W. & S., 435, in support of the proposition that declarations or admissions of one of several devisees or legatees named in a supposed will, tending to prove that the alleged testator was not of sufficiently sound mind at the time to make it, or being very weak in mind was improperly influenced to make it contrary to what he would otherwise have done, are not admissible on the trial of a feigned issue directed by the Register's Court to try its validity.