Parker C. J.
The objection to the proceedings at the trial which we consider of most weight, relates to the rejection by the judge, of the deposition of Patience Herrick, the wife of Platt Herrick, the debtor for whose escape the action is brought. The object of her testimony was to prove the inability of her husband to pay the debt for which he was arrested, and thus to reduce the damages in this action against the sheriff for the escape. It is conceded that if Platt Herrick himself is not competent as a witness, neither can his wife be, for their interest in law is one and the same. We think it clear that he would not be competent, because in an action by the sheriff against him, the verdict in this action would be conclusive of the amount of damages to be recovered, so that in fact he would be testifying in his own cause. The cases cited by counsel to support the competency of Patience Herrick, though when read at the argument they appeared to favor the opinion, yet upon examination are found not to come up to the point in question. They establish this principle, that the wife may be a witness to excuse a party sued from a supposed liability, although the effect of her testimony is to charge her husband upon the same debt in an action afterwards to be brought against him. This is the whole extent of the principle stated ; and the reason is, that the verdict in the action in which she testifies cannot be used in the action against her husband ; so that although her testimony goes to show that he is chargeable, yet he cannot be prejudiced by it. And it may be observed, that in these very cases the husband himself would be a competent witness, *328 it he were willing to testify, for his evidence would be a confession against' himself. Williams v. Johnson, 1 Str. 504 ; Phillipps on Ev. (Am. ed.) 70 ; Fitch v. Hill, 11 Mass. R. 286 ; Peake’s Ev. (3d ed.) 183.* [1] The case before us is widely different, for the testimony of the wife tends to discharge, not to charge the husband ; neither could he be a witness if he were to offer to testify. It was argued that he stood indifferent, as whatever effect his testimony might have in reducing the damages against the sheriff, it would leave so much of the judgment against him by the present plaintiff unsatisfied ; however this may be in regard to the damages, it is evident he is interested to prevent the plaintiff from recovering in this suit at all, because thereby he will be discharged of the costs of this suit, which the sheriff would have a right to recover against him.[1]
As to objections to parts of the depositions which had been struck out by the judge of the Court of Common Pleas on the trial there, we think they were properly restored at the trial in this Court, not being opinions merely, but reasons given for a fact which the witness had sworn to, or mere explanations of his testimony. In one case, after the witness had stated that Herrick lived extravagantly and spent a good deal of money, he adds, “ from eight to ten hundred dollars as he verily believes.” This is necessarily a matter of conjecture, and the fact that he lived expensively, could only be *329 illustrated by stating a sum which the witness thought the debtor spent. At any rate this is not a matter of sufficient importance to justify us in setting aside the verdict.
The statement in one of the depositions, that Herrick had relations who were reputed to be wealthy, the Court do not determine was proper evidence on the subject of damages, but there is not a majority of the Court of the contrary opinion ; so that the verdict cannot be set aside on this ground.
We are all of opinion, that there is no defence on the ground of recaption and a rescue by virtue of the proceedings in the State of New York. A mere recaption, without holding the debtor so as to have him forthcoming to respond the demand sued, or taking bail, is no excuse for the escape ; for although the sheriff could not resist the laws of New York within that State, yet the fault was in suffering him to go where he had lost the control of his person. If the debtor had been rescued within this commonwealth, and the rescue had been returned on the writ, being mesne process, it seems by the common law no action would lie against the sheriff for an escape, for though he may, he is not obliged to raise the posse comitatüs for the execution of mesne process. May v. Probie, 1 Roll. Rep. 388; Gorges v. Gore, 3 Lev. 46. But such a return on execution would not protect the sheriff from an action, because in such case it is his duty to raise the posse. The facts contained in the additional statement, to wit, that the debtor was lured within this State for the purpose of subjecting him to our laws, are immaterial in this action, whatever ground of action they might form for the debtor against the present plaintiff.

Judgment according to the verdict.

 Bull. N. P. 287. See also Baring v. Reeder, 1 Hen. & Munf. 154 ; Wallis v. Britton, 1 Har. & Johns. 478 ; Beatty v.-, 1 Taylor, 9. Wherever the husband may be compelled to testify against his interest in civil matters, the wife may be made a witness. 2 Stark. Ev. (4 Am. ed.) 708, 709.

 See Tiley v. Cowling, Ld. Ray. 744; King v. Frederick, Str. 1095. It has been held, that the husband cannot testify, where the effect of his testimony may be to give his wife a benefit in case she should survive him Per Tilghman C. J. in Snyder v. Snyder, 6 Binn. 487, Yeates J. dissenting. The husband cannot testify, where his wife’s separate estate is concerned. Wyndham v. Chetwynd, 1 Burr. 424; Davis v. Dinwoody, 4 T. R. 678; Richardson v. Learned, 10 Pick. 262.
But the interest, to disqualify, must be certain and immediate. Ante, 243, note (1); per Yeates J. in Snyder v. Snyder, ubi supra. See also Baring v. Reeder, 1 Hen. & Munf. 154 ; Wilmot v. Talbot, 3 Harr. & M‘Hen. 2 ; Boltz v. Ballman, 1 Yeates, 534 ; Gallagher v. Rogers, 1 Yeates, 390; Rex v. Rudd, Leach, 133.